1       UNITED STATES DISTRICT COURT
2       EASTERN DISTRICT OF WASHINGTON

MAYFLOWER TRANSIT, L.L.C.,

        Plaintiff,

        v.

JOHN CAMBRIDGE and KRISTIE CAMBRIDGE, husband and wife; and HARLEY C. DOUGLASS, INC.,

        Defendants.

No. CV-03-241-FVS

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT

Before the Court is Defendant Harley C. Douglass, Inc.'s Motion for Summary Judgment, Ct. Rec. 26, and Plaintiff Mayflower Transit, LLC's Cross Motion for Summary Judgment, Ct. Rec. 36. The Court heard oral argument on these motions on July 15, 2005. Plaintiff Mayflower Transit, LLC, was represented by David Groesbeck and Angela Hayes. Defendant Harley C. Douglass, Inc., was represented by Eric Steven.

**I.   BACKGROUND**

On or about February 2, 2003, Defendant Harley C. Douglass, Inc., ("Douglass") leased a home located in Spokane, Washington, to Defendants John and Kristie Cambridge for a one-year term. On or about May 28, 2003, Defendant John Cambridge entered into a transportation contract with Plaintiff Mayflower Transit, LLC, ("Mayflower") a registered motor carrier of household goods, to

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 1

transport the Cambridges' household goods from Spokane, Washington to Gulf Shores, Alabama.[1]  Around this same time, Douglass filed an action against the Cambridges in Spokane County Superior Court for breach of lease.  Douglass also sought a prejudgment writ of attachment for the Cambridges' personal property being transported by Mayflower.  The court order stated, in pertinent part:

> Plaintiff is entitled to a Prejudgment Writ of Attachment commanding the Sheriff of Spokane County to seize any and all personal property located at 16212 E. Marieta, Spokane, Washington belonging to Defendants, John Cambridge and Kristie Cambridge, not exempt from execution or so much thereof as may be sufficient to satisfy the Plaintiff's demand in the amount of $5,190.00 until further order of the court.
> Secure Self Storage, LLC is hereby appointed as Receiver to secure, manage, and control the Defendants' personal property located in a Mayflower Moving Co. Truck....
> Further, Plaintiff is entitled to a Prejudgment Writ of Attachment upon posting of a Surety bond with the Clerk of the Court in the amount of $10,380.00....

On or about May 30, 2003, while the Cambridges' goods were being loaded for transit, Mayflower and Crown Moving were served with a copy of the court order.  On the same day, Douglass obtained a surety bond for attachment proceedings, in the amount of $10,380.00, to satisfy the requirements of the Spokane County Superior Court order. Although Mayflower was served with a copy of the court order granting a writ of attachment, the writ was never executed by the Sheriff.

---

[1] Crown Moving Co., Inc. ("Crown Moving") issued, on behalf of Mayflower Transit, LLC, a Uniform Household Goods Bill of Lading and Freight Bill NO. 476-00077-3 ("Bill of Lading") covering the transportation of the Cambridges' goods from Spokane, Washington to Gulf Shores, Alabama. Mr. Cambridge was the shipper and consignee under the Bill of Lading.  Upon issuance of the bill of lading, Mayflower acquired a lien on the Cambridges' goods pursuant to 49 U.S.C. § 80109.

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 2

After receiving the court order, Mayflower stopped the shipment and placed the Cambridges' goods in storage-in-transit in Spokane County, Washington.  Thereafter, counsel for Mayflower contacted Defendants Cambridge and Douglass by telephone and in writing and advised them that the property at issue would not leave Spokane County until the defendants agreed among themselves which party was entitled to the goods and all moving, storage, and handling charges were prepaid.  Alternatively, the defendants were advised that Mayflower would file an interpleader action if the parties could not agree as to who was entitled to the goods.

On July 10, 2003, Mayflowr filed this interpleader action. Douglass accepted service of the Summons on July 16, 2003.  The Cambridges were served with a Summons and Complaint in Alabama on September 18, 2003.  On or about September 16, 2003, the Cambridges filed a petition for Chapter 13 Bankruptcy relief, which stayed all collateral litigation in both state and federal court.  On February 6, 2004, the Court stayed this case pending resolution of bankruptcy proceedings.  Ct. Rec. 7.  On September 20, 2004, the Court lifted the stay after it was advised of the dismissal of the bankruptcy. Ct. Rec. 9.  Douglass' state court claim was reduced to final judgment on November 2, 2004.

Douglass moves for summary judgment, dismissing Harley C. Douglass, Inc., as a party in this action.  Mayflower seeks the following relief in its cross-motion for summary judgment: (1) approval of the interpleader action and acceptance of Mayflower's tender of the Cambridges' personal property into the constructive

custody of the Court; (2) discharge of Mayflower as an active participant from this case based upon its status as a disinterested stakeholder of the personal property; and (3) judgment against the defendants John and Kristie Cambridge and Harley C. Douglass, Inc. jointly and severally, for all out-of-pocket costs incurred by Mayflower, including costs of storage and preservation of the Cambridges' personal property, reasonable attorney fees and costs in this proceeding.

**II.  DISCUSSION**

Mayflower filed this statutory interpleader action pursuant to 49 U.S.C. § 80110 and 28 U.S.C. § 1335.  Under 28 U.S.C. § 1335[2], the Court has jurisdiction over a civil interpleader action involving adverse claims to money or property worth $500 or more as long as at least two of the adverse claimants are of diverse citizenship and "are claiming or may claim to be entitled to such money or property." 49 U.S.C. § 80110, in pertinent part, states the following:

> (d) If a person other than the consignee or the person in possession of a bill of lading claims title to or possession of goods and the common carrier knows of the claim, the carrier is not required to deliver the goods to any claimant until the carrier has had a reasonable time to decide the validity of the adverse claim or to bring a

---

[2]  28 U.S.C. § 1335 states in relevant part:
(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation...having his or its custody or possession money or property of the value of $500.00 or more...if
(1) Two or more adverse claimants, of diverse citizenship...are claiming or may claim to be entitled to such money or property...and if (2) the plaintiff has deposited such money or property...into the registry of the court....

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 4

```
        civil action to require all claimants to  interplead.

        (e) If at least 2 persons claim title to or possession of
        the goods, the common carrier may--

        (1) bring a civil action to interplead all known claimants
        to the goods; or
        (2) require those claimants to interplead as a defense in
        an action brought against the carrier for nondelivery.
```

49 U.S.C. §§ 80110(d) and (e).

Interpleader allows a plaintiff stakeholder[3] to sue all those parties who are or might assert claims to a common fund or property held by the stakeholder, and lets the claimants litigate who is entitled to the funds or property. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992); *see generally 28 U.S.C. § 1335*. Interpleader is an equitable remedy and is governed by equitable principles. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Id.* (citations omitted).

An interpleader action usually involves two distinct stages. *Wright, Miller & Kane Federal Practice and Procedure*: Civil 3d § 1704, at 624 (3d ed. 2001) (hereinafter Federal Practice and

---

[3] "The term stakeholder is commonly used in interpleader actions to describe a person or entity who possesses a fund to which adverse claims are made, but who personally has no claim or interest in the fund." *First Interstate Bank v. United States*, 891 F.Supp. 543, 546 n. 5 (D.Or. 1995) (citing *New York Life Ins. Co. v. Lee*, 232 F.2d 811, 814 (9th Cir. 1956)). However, the existence of a neutral stakeholder is not a prerequisite to interpleader jurisdiction. *First Interstate Bank*, 891 F.Supp. at 546 n. 5 (citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984)).

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 5

Procedure).  During the first stage, the court determines whether the plaintiff/stakeholder has the right to compel the adverse claimants to interplead and litigate their claims to the stake in one proceeding.  At this point, the court determines whether the prerequisites to statutory interpleader have been met.  If the court decides that interpleader is available, it may issue an order discharging the stakeholder and directing the claimants to interplead.  Federal Practice and Procedure: Civil 3d § 1704, at 627.  The court may also make any other order that is appropriate and convenient for the resolution of the competing claims.  *Id.*  However, if the court determines that interpleader is improper, the proceedings will be dismissed before the court reaches the second stage of the interpleader, which involves the determination of the respective rights of the claimants to the stake.  *Id.*

### *Step One: Does the Court have jurisdiction over Mayflower's interpleader action?*

The basic jurisdictional prerequisite to the maintenance of a statutory interpleader action is that there be "adverse claimants" to a particular fund or property.  *Libby, McNeill, and Libby v. City Nat. Bank*, 592 F.2d 504, 597 (9th Cir. 1978) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)).  This basic prerequisite is essential because the sole rationale for equitable relief to the plaintiff stakeholder in an interpleader is the danger of exposure to double liability.  *Texas v. Florida*, 306 U.S. 398, 406, 59 S.Ct. 563, 567, 83 L.Ed. 817 (1939); *see also Washington Elec. Co-op. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) ("[W]hat triggers interpleader is 'a real and reasonable

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 6

fear of double liability or vexatious, conflicting claims....'") (quoting *Indianapolis Colts v. Mayor of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984) (collecting citations), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985).

Here, there is no dispute that Mr. Cambridge asserted ownership over the property held by Mayflower.[4] Rather, the issue is whether Douglass is a claimant of the personal property held by Mayflower such that Douglass' interests are adverse to the Cambridges' asserted interest. Mayflower contends both Douglass and the Cambridges are adverse claimants to the property held by Mayflower. However, Douglass argues that it does not claim any interest in the property at issue.

Mayflower argues Douglass is an adverse claimant because it admitted to having an interest in the property held by Mayflower. Specifically, Mayflower argues Douglass' Answer to Mayflower's Complaint demonstrates Douglass has an interest in the property. Even if Douglass' Answer did assert an interest in the property, which Douglass' adamantly disputes, Douglass recently filed a motion to amend its Answer to clearly reflect that Douglass asserts no claim to the property held by Mayflower.

Mayflower also contends Douglass asserted an adverse claim to the Cambridges' property by obtaining a superior court order and

---

[4] Under the Schedule B in Mr. Cambridge's Chapter 13 Bankruptcy petition in United States Bankruptcy Court in the Southern District of Alabama, Mr. Cambridge claimed a "half interest in household furniture stored in Spokane, WA".

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 7

prejudgment writ of attachment on May 29, 2003, commanding the Sheriff of Spokane County to seize any and all personal property belonging to John and Kristie Cambridge. However, the writ was never perfected or executed by the Sheriff. More importantly, Douglass obtained a money judgment in Spokane County Superior Court in lieu of attaching the personal property. When Douglass obtained that judgment, the underlying court order and prejudgment writ of attachment was dismissed. Furthermore, Douglass maintains that it does not intend to satisfy its general judgment against the Cambridges through the property held by Mayflower.

Since the Court is being asked for the first time to exercise jurisdiction over this action as an interpleader, the Court must determine whether the statutory requirements for an interpleader action are satisfied now, not at some point in the past. Although the record clearly demonstrates Douglass expressed an interest in the property held by Mayflower at the time Mayflower initially filed this action for interpleader, the record also reflects that Douglass no longer claims any interest in that property. Consequently, the Court cannot conclude the statutory requirements of an interpleader action have been satisfied allowing the Court to exercise jurisdiction over this action because Mayflower has not demonstrated Douglass is an adverse claimant to the property held by Mayflower. Even though Douglass appeared to be an adverse claimant at the time this action was originally filed, the Court cannot conclude Douglass is presently an adverse claimant to the property held by Mayflower. The Court cannot conclude Douglass is an adverse claimant unless the Court

ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT - 8

forces Douglass to satisfy its general judgment against the Cambridges through the property held by Mayflower. *See e.g., Airborne Freight Corp. v. United States*, 195 F.3d 238, 242 (5th Cir. 1999) (holding that the court cannot "force a judgment creditor who holds a general judgment against a judgment debtor to contest with claimants who hold an interest only in a stake held by the judgment debtor, if the judgment creditor elects to satisfy its judgment out of other assets held by the fully solvent judgment debtor.").

Because Douglass now has a general judgment against the Cambridges, not a judgment collectable only against the property held by Mayflower, Douglass can satisfy that judgment from any of the Cambridges' assets. The Court cannot force Douglass to satisfy its judgment against through the property held by Mayflower. Since Douglass disclaims any interest in the property held by Mayflower, Douglass is not an adverse claimant to that property, and it leaves only one claimant: the Cambridges. If there is only one claimant to the property held by Mayflower, then there are not adverse claimants to it. Therefore, the central jurisdictional prerequisite to the maintenance of a statutory interpleader action is absent. Because the "primary purpose" of an interpleader "is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation", *Aetna Life Ins. Co.*, 223 F.3d at 1034, accepting jurisdiction of this interpleader would contravene the primary purpose of an interpleader because Mayflower is not facing a risk of multiple litigation. Accordingly, for the reasons discussed herein, the Court grants Douglass' motion for

summary judgment and denies Mayflower's cross-motion for summary judgment.  Further, since the Court cannot maintain jurisdiction over this action as an interpleader, this action is dismissed.

**IT IS HEREBY ORDERED:**

1.  Plaintiff Mayflower Transit, LLC's Cross Motion for Summary Judgment, **Ct. Rec. 36**, is **DENIED**.

2.  Defendant Harley C. Douglass, Inc.'s Motion for Summary Judgment, **Ct. Rec. 26**, is **GRANTED**; this action is **DISMISSED.**

4.  Defendant Harley C. Douglass, Inc.'s Motion to Amend its Answer to Plaintiff's Complaint, **Ct. Rec. 46**, is **MOOT**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>3rd</u> day of August, 2005.

                    s/ Fred Van Sickle
                    Fred Van Sickle
              United States District Judge